UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD KERR,<br><br>            Plaintiff,<br><br>    v.<br><br>USAA CASUALTY INSURANCE COMPANY; and DOES 1 to 25, inclusive,<br><br>            Defendants. | No. 2:20-cv-00687-TLN-DB<br><br><br><br>**ORDER** |

This matter is before the Court on Defendant USAA Casualty Insurance Company's ("Defendant") Motion to Change Venue and Motion to Dismiss. (ECF Nos. 5, 4.) Plaintiff Bernard Kerr ("Plaintiff") opposes Defendant's motions. (ECF Nos. 6, 7.) Defendant filed replies. (ECF Nos. 9, 10.) For the reasons set forth below, the Court hereby GRANTS Defendant's Motion to Change Venue (ECF No. 5-1) and DENIES Defendant's Motion to Dismiss (ECF No. 4) as moot.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 2010, while living in San Francisco, Plaintiff purchased an automobile insurance policy through Defendant. (ECF No. 1-1 at 32; ECF No. 5-1 at 1.) Plaintiff's policy agreed to pay up to $100,000 for any one person injured or killed, or up to $300,000 for death or bodily injury to two or more persons per accident. (ECF No. 1-1 at 32.) Plaintiff's policy also provided coverage for injuries and damages sustained by occupants of the Plaintiff's vehicle resulting from negligence by uninsured/underinsured motorists. (*Id.*) The limits of the liability under the uninsured/underinsured motorist coverage were $100,000/$300,000. (*Id.*)

On July 18, 2010, Plaintiff was involved in a car accident in San Francisco that included an underinsured motorist. (*Id.*) Plaintiff sustained multiple, severe, and disabling injuries; incurred $30,000 in medical and incidental expenses; and suffered a loss of earnings exceeding $12,000. (*Id.*) On March 27, 2012, Plaintiff settled with the responsible third party for the $15,000 liability insurance policy limit of the third party's policy. (*Id.* at 33.) On June 20, 2016, Plaintiff made an underinsured motorist claim on his automobile policy for medical charges of nearly $20,000. (*Id.*) On August 9, 2016, Defendant offered to settle the charges for $1,200.00. (*Id.*) No further offers were made until September 2018. (*Id.*)

Plaintiff filed this action on September 13, 2019, in Sacramento County Superior Court. (ECF No. 1-1 at 7.) On February 14, 2020, Plaintiff filed the operative First Amended Complaint ("FAC") alleging Defendant breached the covenant of implied duty of good faith and fair dealing when it failed to make a reasonable offer to investigate or to settle the claim. (*Id.* at 30–34.)

On April 2, 2020, Defendant removed the instant action to this Court.[1] (ECF No. 1.) On April 8, 2020, Defendant filed the instant motions to dismiss and to change venue. (ECF Nos. 4, 5.) On April 30, 2020, Plaintiff filed an opposition to both motions. (ECF Nos. 7, 6.) On May 5, 2020, Defendant replied. (ECF Nos. 9, 10.)

///

---

[1] Pursuant to 28 U.S.C. § 1404, a defendant wishing to remove a civil case from state court to federal court must file an action of notice in the district and division where the action is currently pending. 28 U.S.C. § 1404(a).

2

## II. STANDARD OF LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of 28 U.S.C. § 1404(a) ("§ 1404(a)") "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960)). In considering a transfer pursuant to § 1404(a), the district court undertakes an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal quotations omitted).

In a § 1404(a) analysis, the Court first determines whether the case could have been brought in the transferee forum and then considers the convenience of the parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a). Courts look to several factors to determine where the interests of justice and convenience lie, including: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009)); *see also Jones*, 211 F.3d at 498–99. "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)).

## III. ANALYSIS

Plaintiff initiated this action in Sacramento County Superior Court despite living in Marin County and all of the events giving rise to the incident at issue occurring in San Francisco California. In its request to transfer venue, Defendant argues Plaintiff's contacts are not

substantial enough for the Court to give significant weight to Plaintiff's choice of forum.  (ECF No. 5-1 at 4–5.)  Plaintiff, in opposition, argues Defendant must show the desired forum is "clearly more convenient" than Plaintiff's chosen forum.  (ECF No. 6 at 3.)  For reasons outlined below, the Court finds that factors weigh in favor of transferring venue.[2]

Courts consider the eight factors outlined in *Barnes & Noble, Inc. v. LSI Corp* in determining the best forum for an action.  *Barnes & Noble, Inc.*, 823 F. Supp. 2d at 993 (citing to *Vu*, 602 F. Supp. 2d at 1156).  The Court will evaluate the dispositive factors in turn.

### A. Plaintiff's Choice of Forum

A plaintiff is generally given deference when considering the choice of forum because a plaintiff has the privilege of selecting the forum when filing an action.  *See generally Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  However, the Ninth Circuit has tempered the deference given to a plaintiff's chosen venue, noting that "[i]f the operative facts have not occurred within the forum and the forum has no interest in the matter, [the plaintiff's] choice is entitled to only minimal consideration."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  This is especially true when the plaintiff elects to pursue a case outside his home forum.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) (finding a plaintiff's choice of his home forum is given more weight than his choice of a foreign forum); *Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998); *Vu*, 602 F. Supp. 2d at 1156 (noting where a plaintiff does not reside in the forum, the court may afford plaintiff's choice considerably less weight).

Here, Plaintiff entered into the insurance policy in San Francisco, California; the underlying automobile accident occurred in San Francisco, consequently giving rise to Plaintiff's claim for Underinsured Motorist benefits; Plaintiff received the majority of his medical treatment in the San Francisco Bay Area, with the exception of one medical provider in Massachusetts, for whom either judicial district would be equally inconvenient; and Plaintiff resided in San

---

[2] Defendant concedes that venue is proper in both the Eastern District and Northern District.  (ECF No. 5-1 at 4.)  However, Defendant articulates that venue is proper in the Eastern District solely because Defendant removed Plaintiff's action to this Court.  *Id.*

4

1  Francisco County at the time of the automobile accident and "currently resides in Marin County,
2  within the Northern District." (ECF No. 5-1 at 2–3.)
3        Plaintiff initially filed this action in Sacramento County Superior Court. (ECF No. 1-1 at
4  32.) Because the Sacramento County Superior Court sits within the Eastern District of California,
5  the Plaintiff also chose the Eastern District as his preferred forum. While this factor typically
6  weighs in Plaintiff's favor, any deference is lessened by the fact that Plaintiff has chosen to sue
7  outside his "home forum" of the Northern District of California. *Piper Aircraft Co.*, 454 U.S. at
8  255–56; *Gemini Capital Group*, 150 F.3d at 1091. The only contact within the Eastern District
9  that Plaintiff maintains is his counsel. Case law is clear that the location of counsel in
10 determining a change of venue is given minimal weight. *Vu*, 602 F. Supp. 2d at 1157 (citing *In re*
11 *Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003)).
12       Any deference to Plaintiff's choice of forum is tempered by the fact that the initial events
13 occurred within the Northern District and Plaintiff lives in the Northern District. Accordingly,
14 the Court finds Plaintiff's choice of forum is entitled to minimal weight.

### B. Convenience to the Parties and Witnesses

16       Defendant argues the Northern District is the most convenient because Plaintiff lives in
17 Marin County and nearly all key witnesses in the case are located around the San Francisco Bay
18 Area. (ECF No. 5-1 at 6.) In his opposition, Plaintiff asserts the key witnesses are Defendant's
19 employees who were involved in the investigation and payment of the arbitration claim. Plaintiff,
20 however, concedes that these "witnesses . . . do not reside in or near the Northern District, or the
21 State of California for that matter, and their convenience is not served by relocating the instant
22 action." (ECF No. 6 at 5.)
23       When transferring a case, it must be to a *more* convenient venue, not simply an equally
24 convenient venue. *See* 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to prevent the waste of
25 time, energy, and money to witnesses. *Van Dusen*, 376 U.S. at 612, 616, 629. In *Van Dusen*, the
26 United States Supreme Court noted the most convenient forum is frequently the place where the
27 cause of action arose.
28       Plaintiff's argument that none of his key witnesses live in the Eastern District and thus

neither district is *more* convenient is unavailing. Defendant has alleged key witnesses that reside in one of the districts at issue, making the Northern District *more* convenient. Defendant alleges the key witnesses will testify to areas including, but not limited to, Plaintiff's claimed injuries, pre-existing medical conditions, efficacy of treatment, and Plaintiff's claimed medical expenses. (ECF No. 5-1 at 4–6.) Defendant points to several key witnesses that live within the Northern District. Plaintiff, at most, points to witnesses who are not inconvenienced by either district.[3]

The Court only considers the convenience of the anticipated witnesses living within the contested districts. Most listed key witnesses all live around the San Francisco Bay Area and would be more convenienced if the action were transferred to the Northern District. (ECF 5-2 at 4.) The only connection to the Eastern District is Plaintiff's counsel. Accordingly, the Court finds this factor weighs in favor of transfer.

The remaining factors are either neutral or in favor of transfer. With respect to the familiarity with Plaintiff's claims, feasibility of consolidation, and relative court congestion, there is no evidence this district is more favorable than the Northern District. Where remaining factors may not favor one district over another, a court looks to the Plaintiff's choice of forum and convenience of forum as deciding factors. *Vu*, 602 F. Supp. 2d at 1157 (granting motion to transfer because: (1) plaintiff's choice of forum was limited by the fact they lived elsewhere; and (2) transferring the venue would be substantially more convenient for the witnesses and many of the parties).

Finally, the Court finds that if either district has a stronger interest in the controversy, it is the Northern District. The events giving rise to Plaintiff's claims took place in the Northern District of California. *Vu*, 602 F. Supp. 2d at 1157 (finding interest is stronger in a district where the event occurred.) Accordingly, this Court GRANTS Defendant's motion to transfer.

**IV. CONCLUSION**

For the aforementioned reasons, the Court hereby GRANTS in part and DENIES in part

---

[3] The Court does not give much weight to any argument by Plaintiff that the underlying investigation and facts regarding his initial claim are immaterial to the convenience of the instant action. The underlying investigation is *directly relevant* to Plaintiff's claim that Defendant "failed to properly investigate" his initial claim for benefits. (*See* ECF No. 6 at 2.)

Defendant's motions as follows:

1. Defendant's Motion to Change Venue (ECF No. 5) is GRANTED. This action is hereby transferred to United States District Court for the Northern District of California.

2. The Court does not rule on Defendant's Motions to Dismiss (ECF No. 4), and it is DENIED, without prejudice, as moot.

3. The Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated:  September 27, 2021

Troy L. Nunley
United States District Judge